**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN HAUBRICH, JR., SB# 228341
   E-Mail: John.Haubrich@lewisbrisbois.com
VI N. APPLEN, SB# 273623
   E-Mail: Vi.Applen@lewisbrisbois.com
ARMINE ANTONYAN, SB# 327220
   E-Mail: Armine.Antonyan@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant
SALT & STRAW LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| RASHON HAYES, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SALT & STRAW LLC, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 2:20-cv-03063-CJC-ks<br><br>Honorable Cormac J. Carney<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Date:   June 1, 2020<br>Time:   1:30 p.m.<br>Crtrm.: 7C, 1st Street<br><br>Complaint Filed: February 20, 2020<br>Removal Filed: April 1, 2020 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

COMES NOW Defendant SALT & STRAW, LLC (hereinafter "Defendant" or "SALT & STRAW") hereby submits the following memorandum in opposition to Plaintiff RASHON HAYES's (hereinafter "Plaintiff") Motion to Remand.

/ / /

/ / /

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

# **TABLE OF CONTENTS**

2

**Page**

3
I.     INTRODUCTION ..................................................................... 1

4
II.    PROCEDURAL POSTURE ...................................................... 2

5
III.   LEGAL ARGUMENT ............................................................. 3

6
       A.   Standard ....................................................................... 3

7
       B.   CAFA Removal is Proper Because Based on Plaintiff's Own
8
            Allegations, the Amount in Controversy Undeniably Exceeds $5
            Million And Plaintiff Has Not Presented ANY Evidence to the
9
            Contrary ....................................................................... 4

10
       C.   Plaintiff Failed to Meet His Burden of Supporting His Motion to
            Remand with Sufficient Evidence and Alternative Calculations. ......... 5

11
       D.   Defendant Provided Competent Evidence. ........................................ 7

12
       E.   Defendant's Violation Rate Assumptions Are Reasonable.................. 9

13
            1.   *Defendant Reasonably Assumed a 100% Violation Rate
14
                 For Waiting Time Penalties*..................................................... 9

15
            2.   *Defendant's Overtime Calculations are Reasonable and
16
                 Supported*..............................**Error!  Bookmark not defined.**

            3.   *Defendant Reasonably Assumed The Potential Exposure of
17
                 Plaintiff's Wage Statement Claim*.......................................... 14

18
            4.   *Defendant Reasonably Assumed Minimum Wage
19
                 Penalties*................................................................................ 15

IV.    CONCLUSION....................................................................... 16

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4820-7818-5660.2

i

TABLE OF CONTENTS

1

## **TABLE OF AUTHORITIES**

### Federal Court Cases

*Abrego Abrego v. The Dow Chemical Co.*,
   443 F.3d 676 (9th Cir. 2006) ...................................................................4

*Chavez v. JPMorgan Chase & Co.*,
   888 F.3d at 416 (9th Cir. 2018) ...............................................................4

*Cohn v. Petsmart, Inc.*,
   281 F.3d 837 (9th Cir. 2002) ............................................................. 4, 7

*Coleman v. Estes Express Lines, Inc.*,
   2010 U.S. Dist. LEXIS 79772 at *18-19 (C.D. Cal. July 19, 2010).............9

*Dart Cherokee Basin Operating Company, LLC v. Owens*,
   135 S. Ct. 547 (2014) ...................................................................5, 6, 7

*Fong v. Regis Corp.*,
   2014 WL 26996 (N.D. Cal. Jan. 2, 2014) .................................................9

*Fritsch v. Swift Transportation Co. of Arizona, LLC*,
   899 F.3d 785 (9th Cir. 2018) ...................................................................4

*Ibarra v. Manheim Invs.*,
   775 F.3d 1193 (9th Cir. 2015) ........................................................5, 6, 7

*Jaramillo v. Ott*,
   2020 U.S. Dist. LEXIS 32872 (C.D. Cal. Feb. 24, 2020)............................9

*Korn v. Polo Ralph Lauren Corp.*,
   536 F. Supp. 2d 1199 (E.D. Cal. 2008) ................................................ 4, 9

*Mejia v. DHL Express (USA), Inc.*,
   2015 WL 2452755 (C.D. Cal. May 21, 2015) ......................................... 14

*Navarro v. Servisair, LLC*,
   2008 U.S. Dist. LEXIS 62513 at *23 (N.D. Cal. Aug. 14, 2008) ................6

*Patel v. Nike Retail Services, Inc.*,
   58 F. Supp. 3d 1032 (N.D. Cal. 2014)......................................................6

*Rivera v. UHS of Delaware, Inc.*,
   2015 WL 13685912 (C.D. Cal. June 19, 2015) ...................................... 12

*Singer v. State Farm Mutual Auto Insurance Co.*,
   116 F.3d 373 (9th Cir. 1997) ...................................................................7

*Urbino v. Orkin Services of California, Inc.*,
   726 F.3d 1118 (9th Cir. 2013) .................................................................4

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4820-7818-5660.2

ii
TABLE OF AUTHORITIES

Federal Statutory Authorities

28 U.S.C. 1446(a)................................................................5

Federal Rules and Regulations

Fed. R. Civ. P. 56(c)(4) ..................................................... 8, 9

State Statutory Authorities

Cal. Bus. & Prof. Code §§17200, et seq..............................................2

Cal. Bus. & Prof. Code §§ 17200, et seq...................................... 3, 4

Cal. Lab. Code §§ 201 and 202.............................................3

Cal. Lab. Code § 203..............................................10, 11

Cal. Lab. Code § 204......................................................3

Cal. Lab. Code § 226(a)...................................................3

Cal. Lab. Code § 226.7....................................................3

Cal. Lab. Code §§ 226.7 and 512 .................................3

Cal. Lab. Code §§ 510 and 1198 ...............................3

Cal. Lab. Code §1174(d).................................................3

Cal. Lab. Code §§ 1194, 1197 .................................3

Cal. Lab. Code § 1197.1 ...............................................15

Cal. Lab. Code §§ 2800 and 2802 ...............................3

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Defendant Salt & Straw ("Salt & Straw" or "Defendant") properly removed this action pursuant to the Class Action Fairness Act of 2005 ("CAFA").  In their Notice of Removal, Defendant established that this action satisfies the jurisdictional requirements of CAFA because:  (1) there are over 100 alleged class members in Plaintiff's proposed class; (2) the combined alleged claims of all potential class members, in the aggregate, exceed $5,000,000; and (3) the requisite diversity exists.

In his Motion to Remand, Plaintiff has conceded the issues of diversity and class numerosity, however, he maintains that Defendant has not properly established the amount in controversy.  To establish the amount in controversy under CAFA, Defendants are not required to prove the amount a putative class is likely to recover.  Instead, Defendants are entitled to make good-faith estimates of damages placed in controversy by the Plaintiff if they are reasonably supported by evidence.  Evidence, in the removal context, consists of independent declarations supporting the calculations by Defendants and the allegations of Plaintiff's Complaint, which must be considered true by the Court when analyzing the appropriateness of removal.  In this case, Plaintiff completely ignores the allegations in his Complaint, including his claim that "Plaintiff and other class members worked over eight (8) hours *in a day*, and/or forty (40) hours in *a week* during their employment with Defendants," "Defendants failed to provide Plaintiff and other class members *all* required rest and meal periods… and thus they are entitled to any and all applicable penalties," "Defendant failed to pay overtime wages to Plaintiff and the other class members for *all* overtime hours worked," and "Defendant failed to pay Plaintiff and other class members at least minimum wages for *all* hours worked." Similarly, Plaintiff omits reference to his allegation that Defendants failed to provide *complete or accurate* wage statements throughout the relevant class period.  The allegations in Plaintiff's Complaint that Defendant never paid overtime compensation also belie

LEWIS
BRISBOIS
BISGARD
& SMITH LLP
ATTORNEYS AT LAW

4820-7818-5660.1                                                  1
DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

his contention that Defendant's waiting time penalties calculations are incorrect since it is undisputed that no hourly overtime was paid during employment or upon termination.

As set forth more fully below, Plaintiff has placed in controversy, **using the most conservative method of calculation**, *at least* **$5,235,620.4,** comprised of $2,927,508.00 (waiting time penalties); $942,250.00 (wage statement exposure); $666,362.4 (overtime damages); and $699,500.00 (minimum wage penalties)- **not including** the potential exposure on Plaintiff's claims for (1) unpaid meal period premiums; (2) unpaid rest period premiums; (3) wages not timely paid during employment; (4) failure to keep requisite payroll records; (5) unreimbursed business expenses; and (6) violation of California Business & Professions Code §§17200, *et seq*.

Because Defendant has met its burden of establishing that the amount in controversy exceeds $5,000,000 and the issues of diversity and numerosity are uncontested, this Court has original jurisdiction over this matter and Plaintiff's Motion to Remand should be denied.

## II.   PROCEDURAL POSTURE

Plaintiff filed his putative wage and hour class action complaint in Los Angeles County Superior Court on February 20, 2020. (Complaint, Dkt. No. 1.) The Complaint asserts class claims for relief arising out of Plaintiff's employment with Salt & Straw. Plaintiff asserts claims for (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); (2) Violation of California Labor Code §§226.7 and 512(a) (Unpaid Meal Period Premiums); (3) Violation of California Labor Code §226.7 (Unpaid Rest Period Premiums) (4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages); (5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid); (6) Violation of California Labor Code §204 (Wages Not Timely Paid During Employment); (7) Violation of California Labor Code §226(a) (Non- Compliant Wage Statements); (8)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4820-7818-5660.2

2

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1   Violation of California Labor Code §1174(d) (Failure To Keep Requisite Payroll

2   Records); (9) Violation of California Labor Code §§2800 and 2802 (Unreimbursed

3   Business Expenses); and (10) Violation of California Business & Professions Code

4   §§17200, *et seq*.

5        On or about April 1, 2020, Defendant timely removed the Complaint pursuant

6   to the CAFA. (Dkt. No. 1.) Plaintiff filed the instant Motion to Remand on May 1,

7   2020.  (Dkt. No. 17.)  In his Motion to Remand, Plaintiff argues Defendant did not

8   sufficiently demonstrate that the amount in controversy for all class members

9   exceeds $5,000,000. For the reasons, set forth in more detail below, Plaintiff is

10   incorrect.

11   **III.   LEGAL ARGUMENT**

12       **A.   Standard**

13        Plaintiff argues that Defendant has not provided Plaintiff nor the Court with

14   any actual employee records to justify its estimate of the amount in controversy.[1]

15   (Motion at P.6:7-11) However, Defendant is not required to set forth evidence

16   regarding individualized recovery to prove the amount in controversy. Defendant

17   "cannot be expected to try the case themselves for purposes of establishing

18   jurisdiction, and then admit to the opposing party and to the Court that a certain

19   number of wage and hour violations did indeed occur." *Bryant v. Serv. Corp. Int'l,* C

20   08-01190SI, 2008 WL 2002515 at *6 (N.D. Cal. May 7, 2008). The amount of detail

21   Plaintiff demands would require that Defendant essentially "quantify the number of

22   employees who experienced a wage and hour violation during the class period, the

23   type of wage and hour violation each employee experienced, and that specific

24   employee's hourly salary." *Id*.  That is not the standard for removal.

25        "Where ... it is unclear or ambiguous from the face of a state-court complaint

---

[1] Plaintiff does not dispute that CAFA removal is improper due to lack of diversity.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (*quoting Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013)) (*internal quotation marks omitted*). To satisfy the amount in controversy requirement, the "burden is not 'daunting'. . ." *Korn v. Polo Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008). A "removing defendant is not obligated to 'research, state, and prove plaintiff's claims for damages.'" *Id.* Rather, a defendant need only show "by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego v. The Dow Chem. Co.,* 443 F.3d 676, 683 (9th Cir. 2006). "In assessing the amount in controversy, [courts] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy," *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 at 416 (9th Cir. 2018). Courts may also consider "supplemental evidence later proffered by the removing defendant, which was not originally included in the removal notice." *Korn*, 536 F.Supp.2d at 1205 (*citing Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002)).

## B. CAFA Removal is Proper Because Based on Plaintiff's Own Allegations, the Amount in Controversy Undeniably Exceeds $5 Million And Plaintiff Has Not Presented ANY Evidence to the Contrary.

To meet the amount in controversy requirement under CAFA, a removing defendant must plausibly assert that the amount in controversy exceeds $5,000,000. *See Ibarra v. Manheim Invs.*, 775 F.3d 1193, 1197 (9th Cir. 2015). All this requires is a "short and plain statement" of the grounds for removal. 28 U.S.C. 1446(a); *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014).

Upon challenge of the amount in controversy, Defendant has demonstrated

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4820-7818-5660.2                                        4
DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

that the amount in controversy plausibly exceeds $5,000,000. In its Notice of Removal, Defendant first established the amount in controversy by performing calculations as to the potential damages available to Plaintiff and his proposed class based on assumptions taken directly from the allegations in Plaintiffs' Complaint. Moreover, Defendant's assertions in its Notice of Removal were based on sworn statements from the company's Human Resources Manager, Michelle Lacy ("Lacy"). After a personal review of records, Ms. Lacy retrieved and compiled employment data on Defendant's non-exempt employees in California from February 20, 2016 to March 19, 2020, (the "Employee Data"). This Employee Data included: (1) the names of all non-exempt hourly employees of the Company who worked in the State of California from February 20, 2016 to March 19, 2020; (2) their employment status; (3) their last or current rate of pay; (4) their date of hire; and (5) their termination date if applicable. (Declaration of Michelle Lacy in Support of Defendant's Notice of Removal ("Lacy Decl. No. 1") at 3.) This employment data was electronically submitted to Defendant's counsel of record, Armine Antonyan, who upon review of the data provided determined the putative class size, the average hourly rate of the employees in the putative class, the frequency of pay, and the number of pay periods or workweeks at issue. (Declaration of Armine Antonyan in Support of Defendant's Notice of Removal ("Antonyan Decl. No. 1") at 10-15.) Defendant then used these sworn statements to make reasonable calculations as to the amount in controversy prayed by Plaintiff in his own Complaint. (Notice of Removal.)

### C.   Plaintiff Failed to Meet His Burden of Supporting His Motion to Remand with Sufficient Evidence and Alternative Calculations.

"Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart*, 135 S. Ct. at 554. When a defendant's assertion of the amount in controversy is challenged, "both sides submit proof and the court decides, by a preponderance of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*. (*emphasis added*); *see also Ibarra v. Manheim Invs.*, 775 F.3d 1193, 1198 (9th Cir. 2015). Courts may "view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists, including summary judgment-type evidence." *Johnson v. Sunrise Senior Living Mgmt.*, CV 16-00443-BRO (RAOx), 2016 U.S. Dist. LEXIS 29631, at *11 (C.D. Cal. Mar. 8, 2016) (*internal quotation marks omitted*). However, such evidence need not be "actually admissible at trial (or at the summary judgment stage)." *Id*.

Here, since Plaintiff did not submit any evidence to counter Defendant's amount-in-controversy calculations, this Court will need to rely on the evidence submitted by Defendant to determine whether the amount in controversy requirement is satisfied. *See Navarro v. Servisair, LLC,* 2008 U.S. Dist. LEXIS 62513 at *23 (N.D. Cal. Aug. 14, 2008) ("Although plaintiff claims defendant simply invents numbers in order to meet the amount in controversy requirement, he offers no alternative . . . Plaintiff cannot have his cake and eat it too.")(*emphasis added*); *Patel v. Nike Retail Servs., Inc.,* 58 F. Supp. 3d 1032, 1042 (N.D. Cal. 2014) ("Plaintiff cannot simply sit silent and take refuge in the fact that it is Defendant's burden to establish the grounds for federal jurisdiction. This is especially the case since the knowledge in question . . . is uniquely within Plaintiff's possession.").

While Defendant anticipates that Plaintiff will argue that Plaintiff does not have all the discovery or documentary evidence at this point to propose alternative calculations, Plaintiff could certainly have proffered the class representative's declaration or wage statements upon which to extrapolate data and propose calculations based on Plaintiff's own payroll and timekeeping records. Moreover, Plaintiff purportedly has first-hand knowledge regarding the amount that he is allegedly owed—such as the number of off-the-clock hours that he worked and the number of meal and rest period missed per week. Thus, Plaintiff has the burden of *at least* estimating the amounts in controversy for their own claims which they assert

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4820-7818-5660.2

6

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1   apply to all putative class members equally. Such information is glaringly absent

2   from Plaintiff's Motion. Defendant is the only party that has presented any evidence

3   upon which the Court can rely to determine that the amount in controversy in this

4   matter exceeds $5 million.

5   ### D.   Defendant Provided Competent Evidence.

6   Plaintiff's Motion to Remand argues that the Declaration of Armine Antonyan

7   in Support of Defendant's Notice of Removal is insufficient, because several of the

8   statements are based on "[her] own true knowledge." (Motion P. 3:25-26.) While

9   Defendant maintains that this evidence is sufficient for a Notice of Removal, it also

10  recognizes that it is now presented with an opportunity to provide supplemental

11  evidence to meet the "preponderance of the evidence" standard established by *Dart,*

12  135 S. Ct. at 547. *See also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n. 1 (9th Cir.

13  2002). When a defendant's amount-in-controversy allegation is challenged, the

14  parties may "submit evidence outside the complaint, including affidavits or

15  declarations, or other summary-judgment-type evidence relevant to the amount in

16  controversy at the time of removal." *Ibarra v. Manheim Invs.,* 775 F.3d 1193, 1197

17  (9th Cir. 2015); *citing Singer v. State Farm Mut. Auto Ins. Co.,* 116 F.3d 373, 377

18  (9th Cir. 1997). A declarant may "set out facts that would be admissible in evidence,

19  and show that the affiant or declarant is competent to testify on the matters stated."

20  Fed. R. Civ. P. 56(c)(4). Defendant's evidence meets this standard.

21  In support of Defendant's Opposition to the Motion to Remand, Defendant

22  presents additional declarations of Ms. Antonyan and Ms. Lacy to specifically

23  address the concerns raised in Plaintiff's Motion to Remand and dispel any issues

24  that Plaintiff perceives regarding its Notice of Removal. (*See* Declarations of

25  Michelle Lacy and Armine Antonyan In Support Of Defendant's Opposition to

26  Plaintiff's Motion to Remand ("Antonyan Decl. No. 2" and "Lacy Decl. No. 2"),

27  filed concurrently herewith.)

28  First, Plaintiff argues that Ms. Antonyan's declaration did not state from whom

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4820-7818-5660.2

7

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1   she received the employment data from, "or what the physical source of the data was."

2   (Motion P.3:27-28; P4:1-16). As such, Plaintiff argues that "Ms. Antonyan's

3   assertions come from data provided by other employees prepared in the context of

4   litigation, without the underlying records being available to Plaintiff or the Court. As

5   Ms. Antonyan has provided information that is not based on her personal knowledge,

6   her declaration is inadmissible evidence." (Motion, P.4:11-15.) To address this,

7   Defendant clarifies that in calculating the amount in controversy, Ms. Antonyan relied

8   on the preliminary employment data provided to her by Ms. Michelle Lacy on March

9   20, 2016. (Antonyan Dec. No. 2, ¶ 2.)

10       Second, Plaintiff's claims that Ms. Lacy's declaration is "…silent on who

11   retrieved and compiled the employment data." (Motion P.4:9-11.) To address this,

12   Defendant clarifies that Ms. Lacy has personal knowledge regarding the data

13   gathered, because she obtained the information through ADP and Paycom, the

14   company's time, attendance, and payroll software programs. (Lacy Decl. No. 2, ¶ 2.)

15   The Company utilized ADP to manage employee time and attendance records and

16   administer its invoicing and payroll from the first date of the relevant class period

17   until January 10, 2020, and Paycom since January 11, 2020. (*Id.* at ¶ 3.) Both ADP

18   and Paycom served as Defendant's time and attendance database and software

19   programs upon which payroll was generated during the relevant class period. (*Id.*) In

20   Ms. Lacy's current capacity as Human Resources Manager, she can access the

21   following from both the ADP and Paycom software systems: contact information for

22   each employee, the dates each employee worked, wage rate of employees, time

23   worked by employees, how many paychecks each employee has been issued, when

24   each paycheck was issued. (*Id.* at 4.) For the purposes of the obtaining the

25   information upon which Defendant relies upon for its amount-in-controversy

26   calculations, Ms. Lacy personally accessed the data within both ADP and Paycom.

27   (*Id.* at 5.)

28       / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

E.   **Defendant's Violation Rate Assumptions Are Reasonable**.

In addition to challenging the evidentiary foundation of Defendant's evidence in support of its Notice of Removal, Plaintiff attempts to discredit Defendant's amount-in-controversy calculations—without presenting any alternative calculations or evidentiary support.

1.   *Defendant Reasonably Assumed a 100% Violation Rate For Waiting Time Penalties.*

Plaintiff argues that it is unreasonable that all putative class members had unpaid wages, and that all putative class members worked eight hours a day. Defendant's reasonable assumptions, however, are based on the allegations in Plaintiff's Complaint that states "Plaintiff and the other class members worked <u>over eight (8) hours in a day</u>, and/or forty (40) hours in a week during their employment with Defendants." (Complaint Dkt. No. 1, at 24.) *Fong v. Regis Corp.,* 2014 WL 26996 (N.D. Cal. Jan. 2, 2014) at *6 (allegation of systematic failure to pay "all wages due" sufficient to support assumption of maximum waiting time penalties); *Coleman v. Estes Express Lines, Inc*., 2010 U.S. Dist. LEXIS 79772 at *18-19 (C.D. Cal. July 19, 2010) ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate); *Korn v. Polo Ralph Lauren Corp*., 536 F. Supp. 2d at 1205. *Serrano v. Pac. Coast Feather Cushion Co.* 2017 U.S. Dist. LEXIS 138153, 2017 WL 3720630 (C.D. Cal. August 28, 2017); *Jaramillo v. Ott,* 2020 U.S. Dist. LEXIS 32872 (C.D. Cal. Feb. 24, 2020).

According to Defendant's records, there are at least 1,250 former employees employed with Defendant between February 20, 2017 to March 19, 2020. (Lacy Decl., No.2. at ¶ 7.)  The average hourly rate of pay of former employees who fall within Plaintiff's class definition is $14.27. *Id.* Accordingly, although Defendant denies Plaintiff's allegations, including any alleged damages, even assuming one (1) minute of unpaid wages and based on the reasonable assumption that the putative

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4820-7818-5660.2                                9
DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

class would receive waiting time penalties based on eight-hour days for thirty days, and using the average hourly rate of pay of $14.27, the amount in controversy related solely to Plaintiff's waiting time penalties claim can be calculated as follows: $14.27/hour x 8 hours/day x 30 days maximum waiting time penalties = $3,424.8 per putative class member x 1,250 potential class members = **$4,281,000.00**.

Plaintiff argues in his Motion to Remand that each factor of this equation is not based on "actual employee records to justify the assumption." (Motion P.7:13-14.) Although Defendant's initial estimations and calculation are reasonable and plausibly alleged, Defendant hereby clarifies the evidence presented to assuage Plaintiff's concerns regarding the amount-in-controversy.

First, based on a search of the electronic timesheets of all non-exempt employees working in California during the relevant three-year period, Ms. Lacy determined that at least 1,250 *former* employees were employed with Defendant between February 20, 2017 to March 19, 2020, and are owed waiting time penalties pursuant to Labor Code section 203.

Second, Ms. Lacy confirms that the average rate of pay of **$14.27 per hour** was calculated this by adding the last recorded hourly rate for each of the employees and then dividing it by 1,250. *Id.*

Third, Defendant's assumption that each employee worked a 8 hours per day is conservative and reasonable, given that Plaintiff himself alleges that all class members "worked over **eight (8) hours** a day…" (Complaint Dkt. No. 1, at 24.) *See Jimenez v. Nielsen*, 2011 U.S. Dist. LEXIS 3327, 2011 WL 65764, at *3 (finding the defendant's estimate of 1 hour of overtime per week "reasonable and conservative" where the plaintiff's complaint alleged that class members "regularly and/or consistently worked in excess of eight (8) hours in a day and/or in excess of forty (40) hours in a week.").

As such, the amount-in-controversy for Plaintiff's Labor Code section 203 claim is precisely calculated at **$4,281,000.00**.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4820-7818-5660.2

10

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1    **Additionally,** Plaintiff suggests that in calculating waiting time penalties,

2    Defendant should distinguish between penalties available to full- and part-time

3    employees. For the sake taking the **most conservative** approach possible, Defendant

4    will separate employees who **always worked full-time** and in excess of eight (8)

5    hours each work day, and employees who **may have worked part-time** and five (5)

6    hours in a work day on average in calculating the waiting time penalties owed.

7    Taking Plaintiff's unsupported assumptions into account, the relevant calculations

8    are as follows:

9    **Full-time Putative Class Members:**

10   -   Number of full-time putative-class members between February 20, 2017

11       and March 19, 2020: 170[2]

12   -   Average daily rate for full-time putative class members: $15.41/hr. x 8

13       hours= $123.28[3]

14   -   Number of days in the violation period: 30

15   -   Amount in Controversy: $123.28 x 30 x 170 = **$628.728.00**

16   **Part-time Putative Class Members:**

17   -   Number of part-time putative-class members between February 20, 2017

18       and March 19, 2020: 1080[4]

19   -   Average daily rate for full-time putative class members: $14.19/hr. x 5

20       hours= $70.95[5]

21   -   Number of days in the violation period: 30

22   -   Amount in Controversy: $70.95x 30 x 1080 = **$2,298,780.00.**

23   Total Amount in Controversy Using **Most Conservative Approach** for This

24

25   [2] *See* Lacy Decl. No. 2 at ¶6.

26   [3] *Id.*

27   [4] *Id.*

28   [5] *Id at* ¶6.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4820-7818-5660.2

11

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Claim: **$2,927,508.00.**

> **2.** ***Defendant's Overtime Calculations are Reasonable and Supported.***

Here, Plaintiff's Complaint alleges that "During the relevant time period, Defendants failed to pay overtime wages to Plaintiff and the other class members for all overtime hours worked. Plaintiff and other class members were required to work more than eight (8) hours per day, and/or forty (40) hours per week without overtime compensation for all overtime hours worked" (Complaint Dkt. No.1, at 40.) In fact, by expressly alleging that Plaintiff and other class members were _required_ to work in excess of eight hours per day and/or forty hours per week, Plaintiff provides further credence to Defendant's position. Thus, Defendant's calculations involving one hour of overtime per week or 12 minutes of overtime per day is not speculative because it is based on the unambiguous allegations in Plaintiff's Complaint and Defendant's evidence.

It is well-settled that where a plaintiff alleges routine violations "at all relevant times" based on uniform policies and practices, it is reasonable to assume one hour violation of overtime and straight time per week. *See Jasso,* 2012 WL 699465, at \*6; *Oda, Inc.,* 2015 WL 93335, at \*4. Moreover, Defendant is entitled to rely on Plaintiff's broad allegations for purposes of calculating the amount in controversy. *Rivera v. UHS of Delaware, Inc.,* 2015 WL 13685912, at \*4 (C.D. Cal. June 19, 2015) (finding estimate of one hour per week of overtime reasonable for amount in controversy based on Plaintiff's broad allegations of a practice for employees to work without proper overtime pay). *See Jimenez*, 2011 U.S. Dist. LEXIS 3327, 2011 WL 65764, at \*3.

/ / /

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4820-7818-5660.2

12

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Thus, the relevant calculation for the amount in controversy for Plaintiff's unpaid overtime claim is as follows[6]:

**Calculation Method Using Average Regular Rate of Pay**:

- The average hourly wage for putative class members from February 20, 2016 through February 20, 2020= $14,19[7]

- Number of putative class members from February 20, 2016 through February 20, 2020 = 1,329[8]

- Number of worked weeks by putative class members from February 20, 2016 through February 20, 2020 = 46,960 weeks[9]

Amount in Controversy Using Average <u>Regular Rate of Pay</u>: 46,960 workweeks x 1 hour of wages x $14.19= **$666,362.4.**

**Calculation Method Using Average Overtime Rate of Pay**:

- 1.5 x $14.19 (average hourly wage for putative class members from February 20, 2016 through February 20, 2020) = $21.2 (average overtime rate during class period)

- Number of putative class members from February 20, 2016 through February 20, 2020 = 1,329

- Number of worked weeks by putative class members from February 20, 2016 through February 20, 2020 = 46,960 weeks

Amount in Controversy Using Average <u>Overtime Rate of Pay</u>: 46,960 workweeks x 1 hour of wages x $21.2= **$995,552.00.**

/ / /

---

[6] Based on alternative formula used to calculate the amount in controversy for overtime damages claim, the amount in controversy is **$1,989,140.88**= 70.6 weeks (average length of employment for putative class members from February 20, 2016 through February 20, 2020) x 1 hour of overtime x $21.2 (average overtime rate) x 1,329 class members.

[7] *See* Lacy Decl. No. 2 at ¶8.

[8] *Id.*

[9] *Id* at ¶9.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

### 3. *Defendant Reasonably Assumed The Potential Exposure of Plaintiff's Wage Statement Claim.*

Plaintiff's Complaint alleges that "Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies include but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members." (*See* Complaint Dkt. No. 1, at 101.)

As the court said in *Mejia v. DHL Express (USA), Inc.* 2015 WL 2452755, at *6 (C.D. Cal. May 21, 2015)*:*

> It is not unreasonable to assume that, with this many violations alleged, every one of the wage statements issued during the class period could potentially have been noncompliant. In addition . . . if Defendant had a uniform policy of failing to provide rest periods, . . .the wage statements that Defendant provided would necessarily have been inaccurate 100% of the time . . . *See also Duberry v. J. Crew Grp., Inc.*, 2015 U.S. Dist. LEXIS 99171, 2015 WL 4575018 (C.D. Cal. July 28, 2015).

Accordingly, it is reasonable to assume that Plaintiff has alleged every wage statement for all employees would be noncompliant. Moreover, since Plaintiffs' Complaint fails to allege the scope of damages, Defendant made the following calculations to obtain the amount in controversy for Plaintiff's Section 226 claim, based on (1) Defendant's records, which state that there were 9,818 paychecks and corresponding wage statements issued in the one-year between February 20, 2019, and February 20, 2020 that were generated to non-exempt employees at issue who worked for Defendant in California (*see* Lacy Decl. No. 2, ¶10) and (2) there were 791 employees who worked during this one-year liability period. *Id.*

Therefore, assuming that Defendant failed to provide an accurate wage statement for each pay period that these employees worked, the estimated amount in

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

controversy related to this cause of action is calculated as follows: ($50 x initial 791 pay periods = $39,550 + ($100 x 9,027 remaining pay periods = $902,700.) = **$942,250.00.**

>        **4.**     ***Defendant Reasonably Assumed Minimum Wage Penalties.***

Plaintiff alleges a claim for penalties under California Labor Code Section 1197.1, which entitles each affected employee to $100 for "each failure to timely pay employees minimum wages." (*See* Complaint Dkt. No. 1, at 85.) Employees are entitled to $250 for each "subsequent failure." *Id.*

In his Motion to Remand, however, Plaintiff attempts to attack Defendant's calculation by saying that in estimating Plaintiff's failure to pay minimum wage claim, Defendant assumed it "failed to pay minimum wages for all putative class members for every pay period." (Motion P. 8:8-10.)

In response to Plaintiff's unsupported statements regarding Defendant's estimates used in calculating the amount in controversy for this case of action, Defendant will use <u>violation rate of one hour of off-the-clock work for every three pay periods</u> (in other words, once every six weeks).

- Penalty: $100 (initial) and $250 (remaining)
- Number of pay periods (which equals the number of paychecks) for members of the putative class between February 20, 2019 through February 20, 2020= 9,818[10]
- Number of Pay Periods / 3 (Plaintiff's assumption of a violation occurring once every three pay periods) = 3,272.6

Therefore, the total amount in controversy for this claim using most conservative method of calculations is ($100 x initial 791 pay periods) = $79,100 + ($250 x 2,481.6 remaining pay periods) = $620,400= **$699,500.00.**

---

[10] *See* Lacy Decl. No. 2 at ¶10.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4820-7818-5660.2
15
DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

## IV.   <u>CONCLUSION</u>

Defendant's removal of this action was proper under CAFA because the issues of diversity and numerosity are undisputed and because Defendant has established, in good faith and with targeted and conservative assumptions that the amount in controversy exceeds $5 million even when <u>using the most conservative method of calculation</u>, comprised of $2,927,508.00 (waiting time penalties); $942,250.00 (wage statement exposure); $666,362.4 (overtime damages); and $699,500.00 (minimum wage penalties)= **$5,235,620.4,** <u>not including</u> the potential exposure on six (6) other claims alleged in Plaintiff's Complaint. Accordingly, Plaintiff's Motion to Remand should be denied.

DATED: May 11, 2020          JOHN HAUBRICH, JR.
                             VI N. APPLEN
                             ARMINE ANTONYAN
                             LEWIS BRISBOIS BISGAARD & SMITH LLP

                             By: /s/ *Armine Antonyan*
                                  Armine Antonyan
                                  Vi N. Applen
                                  Attorneys for Defendant SALT & STRAW
                                  LLC

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4820-7818-5660.2

16

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

# FEDERAL COURT PROOF OF SERVICE

*Rashon Hayes v Salt & Straw, LLC, et al.* – Case No. 2:20-cv-03063-CJC-KS

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On May 11, 2020, I served the following document(s): **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND; DECLARATION OD MICHELLE LACY, DECLARATION OF ARMINE ANTONYAN.**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Edwin Aiwazian, Esq.            Attorneys for Plaintiff
Lawyers for Justice, PC         *Rashon Hayes*
410 West Arden Avenue           Phone: (213) 382-2222
Suite 203                       Fax:    (213) 382-2230
Glendale, CA 91203

The documents were served by the following means:

☒  (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on May 11, 2020, at Los Angeles, California.


*/s/ Armine Antonyan*
Armine Antonyan

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW